Ann Warner v. Commissioner.
Warner v. Commissioner
Docket No. 22713.
United States Tax Court
1950 Tax Ct. Memo LEXIS 103; 9 T.C.M. (CCH) 752; T.C.M. (RIA) 50213; September 11, 1950
*103 Herman L. Weisman, Esq., for the petitioner. Pershing W. Burgard, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $10,406.25 in gift tax for 1946. The only issue for decision is the value of each of two gifts of stock of Warner Bros. Pictures, Inc. - one being a gift of 5,000 shares made on May 23, 1946, the other being a gift of 15,000 shares made on that same day but to a different donee. Findings of Fact The petitioner, an individual, filed her federal gift tax return for 1946 with the collector of internal revenue for the sixth district of California. She is the wife of Jack L. Warner, executive vice-president in charge of Warner Bros. Pictures, Inc.
The petitioner created a trust on May 23, 1946 for the benefit of Joy Cerete Page Orr, her daughter by a prior marriage. She conveyed to that trust on that day 5,000 shares of common stock of Warner Bros. Pictures, Inc.
The petitioner created a trust on May 23, 1946 for the benefit of Barbara Leah Warner, the child of the petitioner and her husband, Jack L. Warner. She conveyed to that trust on that day 15,000 shares of common stock of *104 Warner Bros. Pictures, Inc.
The petitioner, in her gift tax return for 1946, reported the gift of 5,000 shares to the trust for Joy as having a value of $240,000 and the gift of 15,000 shares to the trust for Barbara as having a value of $720,000. The Commissioner, in determining the deficiency, held that the value of the gift of the 5,000 shares was $249,375 and the value of the gift of the 15,000 shares was $748,125. The fair market value of the gift of 5,000 shares of Warner Bros. Pictures, Inc. to the trust for Joy was $249,375, and the fair market value of the gift of 15,000 shares of Warner Bros. Pictures, Inc. to the trust for Barbara was $748,125, at the time the gifts were made. Opinion MURDOCK, Judge: A transfer of property by gift to a trust during 1946 is subject to gift tax. See section 1000. The value at the time of the gift of property transferred by gift is considered the amount of the gift. Section 1005. Value, for this purpose, is fair market value which is defined as the price at which property would change hands between a willing buyer and a willing seller, both being reasonably well informed of the facts and neither being under any compulsion to buy or *105 sell. The petitioner contends that the values at which she reported the gifts are correct, while the Commissioner insists that the values as determined by him are the true values. The Court, assisted by the brief of the parties and the authorities cited, has made its findings of fact, after giving careful consideration to all of the evidence in the case, including, inter alia, the size of the gifts, the provisions of the deeds, the parties, the conditions existing, the opinions expressed by witnesses, the reasons given for their opinions, and the evidence as to sales and prices. It has endeavored, to the best of its ability, to give proper weight to all of the evidence presented in order to arrive at the fair market value of each gift. Decision will be entered for the respondent.